# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO SEVILLA,<br><br>                                   Plaintiff,<br>v.<br><br>A. MALDONADO, et al.,<br><br>                                Defendants. | Case No.: 3:16-cv-2364 BAS (DHB)<br><br>**REPORT AND RECOMMENDATION DENYING DEFENDANTS' MOTION TO DISMISS**<br><br>**[ECF No. 13]** |

## I.    INTRODUCTION

Plaintiff Julio Sevilla ("Sevilla"), a state prisoner incarcerated at R.J. Donovan Correctional Facility, proceeding *pro se* and *in forma pauperis*, filed a complaint under 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983 alleging a violation of his Eighth Amendment rights to be free from cruel and unusual punishment due to Defendant's use of excessive force against him. (ECF Nos. 1, 11.) Defendants A. Maldonado ("Maldonado") and J. Nelson ("Nelson"), Richard J. Donovan Correctional Facility officers, have filed a Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) arguing Plaintiff's claim is barred by the favorable termination doctrine in *Heck v. Humphrey*, 512 U.S. 477 (1994). (ECF No. 9.) For the reasons stated below, the Court finds that Plaintiff's claim is not barred by *Heck* and recommends that

Defendants' motion be DENIED.

## II. BACKGROUND

On May 18, 2015, after entering the mental health building, Sevilla informed Maldonado that he declined to attend his mental health appointment in order to report to work. (ECF No. 1 at 3.) Maldonado replied that Sevilla was "off duty" and instructed him to return to the holding cell. *Id.* Sevilla instead exited the mental health building, headed to the program office, and began his work assignment. *Id.* That day, Sevilla was working as the Lieutenant's Relief Clerk in the program office of Facility D. *Id.*

Shortly after Sevilla arrived at the program office, Nelson entered the office and informed Sevilla that he was wanted outside the office. *Id.* Shortly after Nelson's arrival, Maldonado entered the office and yelled, "Who the fuck do you think you are to just walk out!" *Id.* Plaintiff then responded, "Really, you're going to assault me?" *Id.* Maldonado directed Sevilla to return outside immediately, but Sevilla remained seated. *Id.* Maldonado then yelled, "I'm giving you a fucking direct order to step outside!" *Id.* At that point, Sevilla began to exit the program office as Maldonado followed behind. *Id.*

Once outside, Maldonado ordered Sevilla to stop and face the wall. *Id.* Maldonado again asked, "Who the fuck do you think you are to just walk out?" *Id.* at 4. At that point, Sevilla requested that Maldonado stop swearing at him. *Id.* In response, Maldonado asked, "Who the fuck do you think you are?" *Id.* Sevilla then answered, "Who the fuck do you think you are?" *Id.*

Suddenly, Maldonado's right arm pushed Sevilla backwards onto the concrete floor. *Id.* Maldonado then turned Sevilla on his stomach and attempted to slam Sevilla's head into the concrete floor. *Id.* However, Sevilla was able to turn his head to the right, which resulted in a blow to the left side of his face. *Id.* Maldonado stated, "You are nothing, you're a piece of shit, take that you piece of shit!" *Id.* Sevilla alleges that Nelson was present throughout the incident and that Maldonado's berating comments continued even after responding staff arrived at the incident site. *Id.* Sevilla also alleges that he was cooperative while on the ground, remaining still in a prone position with his

hands behind his back. *Id.*

Officer J. Cluck eventually placed Sevilla in restraints and escorted him to a holding cell. *Id.* at 5. Sevilla alleges that Maldonado followed the escort and continued calling him "a piece of shit" in front of other officers and inmates who were seated outside the clinic waiting to receive medical attention. *Id.*

On May 19, 2015, Maldonado filed a California Rules Violation Report against Sevilla for violation of Cal. Code Regs. tit. 15, § 3005(d)(1)—Assault on a Peace Officer resulting in use of force, a serious offense classification. (ECF No. 9-1 at 9-10.) Sevilla initially requested the disciplinary hearing be postponed on May 20, 2015, but Sevilla revoked his request for postponement on May 28, 2015. *Id.* at 11. On June 4, 2015, Sevilla's disciplinary hearing was held before Correctional Lieutenant J. Martinez. *Id.* at 12. Sevilla was found Not Guilty of violating Cal. Code Regs. tit. 15, § 3005(d)(1); however, Sevilla was found Guilty, by a preponderance of evidence, of the lesser included offense of Willfully Resisting a Peace Officer. *Id.* 13.[1] At the hearing, Sevilla pled guilty and stated, "I did resist, the force was justified. [*sic*]" *Id.* at 14.

Because Sevilla was found guilty of Willfully Resisting a Peace Officer, he was assessed a ninety (90) days loss of behavioral/work credits pursuant to Cal. Code Regs. tit. 15, § 3323. *Id.* at 15. Sevilla was also assessed a ninety (90) days loss of yard/phone, effective upon his release from the Administrative Segregation Unit ("ASU"), and to conclude on September 1, 2015. *Id.* Sevilla was informed that credit restoration was possible pursuant to Cal. Code Regs. tit. 15, § 3327. *Id.* On June 18, 2015, Sevilla lost ninety (90) days credit as his disciplinary penalty. (ECF No. 11 at 8.) On April 6, 2016, the ninety (90) days Sevilla lost due to his disciplinary penalty were restored under

---

[1] The disciplinary findings were based upon a preponderance of evidence submitted at the hearing, which Lieutenant Martinez considered valid and substantiated the charge. (ECF No. 9-1 at 13.) The evidence which supported the charge included: (1) Defendant Maldonado's written report; (2) Sevilla's full admission of guilt at the time of the hearing; (3) Defendant Nelson's incident report (CDC-837); (4) Sevilla's medical report (CDC-7219) which reflected injuries consistent with resisting staff; and (5) Defendant Maldonado's medical report (CDC-7219) which reflected injuries consistent with subduing a resisting inmate. *Id.* at 13-14.

section 3327. *Id.* at 9.

On September 16, 2016, Sevilla filed his Complaint and motion for leave to proceed *in forma pauperis*. (ECF Nos. 1, 2.) In his Compliant, Sevilla requests that the Court grant the following relief: (1) a permanent injunction barring both Defendants from working in law enforcement any further; (2) attorneys' fees; (3) court fees; (4) declaratory relief; (5) $50,000 in compensatory damages; (6) 200,000 in punitive damages; and (7) state and federal criminal indictments against the Defendants for assault and battery on a prisoner, false reports, fraud and other offenses. (ECF No. 1 at 8.) On October 24, 2016, the Honorable Cynthia Bashant granted Plaintiff's motion for leave to proceed *in forma pauperis*. (ECF No. 3.) The Defendants filed a motion to dismiss on March 14, 2017. (ECF No. 9.) On April 17, 2017, Sevilla filed his response in opposition to the motion to dismiss, and Defendants filed their reply to Sevilla's response on April 21, 2017. (ECF Nos. 11, 12.)

### III. LEGAL STANDARD

#### 1. **FRCP Rule 12(b)(6)**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Because Rule 12(b)(6) focuses on the "sufficiency" of a claim rather than the claim's substantive merits, "a court may [ordinarily] look only at the face of the complaint to decide a motion to dismiss." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). However, courts may consider exhibits that are attached to the complaint. *See* FED. R. CIV. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) ("[M]aterial which is properly submitted as part of the complaint may be considered" in ruling on a Rule 12(b)(6) motion to dismiss. (citing *Amfac Mortg. Corp. v. Ariz. Mall of Tempe, Inc.*, 583 F.2d 426 (9th Cir. 1978))). However, exhibits that contradict the allegations of a complaint may fatally undermine the complaint's allegations. *See Sprewell v. Golden State Warriors*,

266 F.3d 979, 988 (9th Cir. 2001) (a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims." (citing *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir.1998) ("[W]e are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint."))).

A motion to dismiss should be granted if a petitioner fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [Citation omitted.] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

"All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996) (citing *Nat'l Wildlife Fed. v. Espy*, 45 F.3d 1337, 1340 (9th Cir. 1995)). The Court need not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell*, 266 F.3d at 988 (citing *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994)); *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on motion to dismiss, court is "not bound to accept as true a legal conclusion couched as a factual allegation."). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Thus, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they

plausibly give rise to an entitlement to relief." *Id.* at 679. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"" *Id.* (quoting *Twombly*, 550 U.S. at 570 (when plaintiffs have not "nudged their claims across the line from conceivable to plausible, their complaint must be dismissed.")).

"In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences [drawn] from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

### 2. **Standards Applicable to *Pro Se* Litigants in Civil Rights Actions**

"In a civil rights case where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford [the] plaintiff the benefit of any doubt." *Karim–Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a *pro se* civil rights complaint, courts may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*; *see also Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (finding conclusory allegations unsupported by facts insufficient to state a claim under § 1983).

Nevertheless, a court must give a *pro se* litigant leave to amend his complaint "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted) (citing *Noll v. Carlson*, 809 F.2d 1446, 1447 (9th Cir. 1987)). Thus, before a *pro se* civil rights complaint may be dismissed, the Court must provide the plaintiff with

a statement of the complaint's deficiencies. *Karim–Panahi*, 839 F.2d at 623–24. But where amendment of a *pro se* litigant's complaint would be futile, denial of leave to amend is appropriate. *James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000).

### 3. The Authority of Magistrate Judges

"The power of federal magistrate judges is limited by 28 U.S.C. § 636." *Estate of Conners ex rel. Meredith v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993) (citing *Reynaga v. Cammisa*, 971 F.2d 414, 416 (9th Cir. 1992)).

Under 28 U.S.C. § 636(b)(1)(A), a district court judge may designate a magistrate judge "…to hear and determine any pretrial matter pending before the court, except a motion…to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action." *Hunt v. Piller*, 384 F.3d 1118, 1123 (9th Cir. 2004). However, the district court may "designate a magistrate to hear a motion to dismiss and submit proposed findings of fact and recommendations for the disposition of such a motion" under 28 U.S.C. § 636(b)(1)(B). *Id.* at 1123. Within fourteen days, any party may serve and file written objections to a magistrate judge's findings in the report and recommendation. See 28 U.S.C. § 636(b)(1). Once objections are made "[a] judge of the court shall make a de novo determination of those portions of the report...to which objection is made." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

### 4. Heck v. Humphrey Standard

Under *Heck v. Humphrey*, a civil-rights claim is disallowed if rendering a judgment for a plaintiff would necessarily imply that the conviction or sentence is invalid. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). Meaning, if a plaintiff wants to attack the length of a sentence, the plaintiff must do so directly through showing that the length of the sentence has already been reduced prior to the civil-rights claim. *Id.* This is commonly referred to as the "favorable-termination rule." *See Nettles v. Grounds*, 830 F.3d 922, 928 (9th Cir. 2016). Moreover, the court in *Heck v. Humphrey* held that a conviction or sentence can be shortened only if "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state

tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus…." *Id.* at 487. The favorable termination rule has also been invoked in prison disciplinary hearings involving good-time credits. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

## IV. DISCUSSION

Defendants argue that the Court should dismiss Plaintiff's Complaint pursuant to *Heck*'s favorable termination rule. (ECF No. 9-1 at 1.) Specifically, Defendants argue that, if Sevilla's claims are successful, the decision would contravene the findings upon which Sevilla's loss of credits, which have not been invalidated, were based. (ECF No. 9-1 at 4-7.) Plainly, Defendants assert that a ruling in Sevilla's favor here would invalidate the factual findings which led to additional time being added to his sentence; thus, Plaintiff's Complaint should be barred under *Heck*. (ECF No. 9-1 at 5-6.)

Sevilla argues that he is not requesting a judgment that would contradict his conviction or sentence. (ECF No. 11 at 1.) Sevilla argues that his claim is not subject to *Heck* because his loss of good time credits have been restored. (ECF No. 11 at 2.) .) In reliance on *Muhammad v. Close*, 540 U.S. 749 (2004), Sevilla asserts his claim should not be barred by *Heck* because his § 1983 action would have no consequence on the duration of the conviction or sentence. (ECF No. 11 at 2-3.) Sevilla uses the remainder of his opposition to further dispute Defendants' claims that Maldonado did not use excessive force. (ECF No. 11 at 3-6.)

In reply, Defendants argue that Sevilla's claim is still barred by *Heck* because Sevilla's credits were restored administratively following a period of good behavior, not due to an invalidation of the disciplinary guilty finding. (ECF No. 12 at 2.) Defendants also argue that Sevilla's claim barred by *Heck* because he claims the guilty finding exposes him to a longer sentence as a third-strike offender. *Id.* Defendants contend Sevilla must seek relief through habeas corpus proceedings, not a §1983 claim, because success on his claim would be at odds with the disciplinary conviction. *Id.* at 2-3.

"A state prisoner cannot use a § 1983 action to challenge the 'fact or duration of

his confinement,' because such an action lies at the 'core of habeas corpus.'" *Simpson v. Thomas*, 528 F.3d 685, 693 (9th Cir. 2008) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). Accordingly, a prisoner must first establish that the underlying sentence or conviction has already been invalidated on appeal, by habeas petition, or terminated in his favor through other similar proceeding when his § 1983 action seeking damages alleges constitutional violations that would necessarily imply the invalidity of a conviction or sentence. *Heck*, 512 U.S. at 487. The favorable termination rule has also been invoked in prison disciplinary hearings involving good-time credits. *Balisok*, 520 at 646-48 (holding that a § 1983 claim seeking monetary and declaratory relief and challenging the validity of procedures leading to a prisoner's deprivation of good-time credits was barred). However, when the § 1983 claim does not necessarily implicate the underlying disciplinary action, it may proceed. *See Muhammad*, 540 U.S. at 754-55.

The Ninth Circuit has applied *Heck*'s favorable termination requirement to consider, and sometimes preclude, excessive force claims brought under 42 U.S.C. § 1983. In *Cunningham v. Gates*, 312 F.3d 1148 (9th Cir. 2002), the case upon which Defendants rely, the Ninth Circuit found that *Heck* barred a prisoner, convicted of felony murder and resisting arrest, from bring his § 1983 excessive force claim because his underlying conviction required proof of an "unintentional provocative act" which was defined as "not in self defense." *Cunningham*, 312 F.3d at 1152. Essentially, a finding that the police used unreasonable force while effecting that plaintiff's arrest, the court held, would "call into question" the validity of factual disputes which had necessarily already been resolved in the criminal action against him. *Id.* at 1154. However, in *Smith v. City of Henet*, 394 F.3d 689 (9th Cir. 2005), the Ninth Circuit considered whether a prisoner's excessive force allegations were barred by *Heck* after he pled guilty to resisting arrest pursuant to Cal. Penal Code § 148(a)(1). *Smith*, 394 F.3d at 694. The *Smith* court reasoned,

> "A conviction based on conduct that occurred *before* the officers commence the process of arresting the defendant is not 'necessarily'

> rendered invalid by the officers' subsequent use of excessive force in making the arrest…Similarly, excessive force used *after* a defendant has been arrested may properly be subject of a § 1983 action notwithstanding the defendant's conviction on a charge of resisting an arrest that was itself lawfully conducted."

*Id.* at 696 (emphasis in original). Accordingly, the *Smith* court found that "Smith's § 1983 action was not barred…because the excessive force may have been employed against him subsequent to the time he engaged in the conduct that constituted the basis for his conviction." *Id.* at 693. Under the circumstances, the Ninth Circuit held that Smith's § 1983 action "neither demonstrated nor necessarily implied the invalidity of his conviction." *Id.*; *see also Sanford v. Motts*, 258 F.3d 1117, 1120 (9th Cir. 2001) ("If the officer used excessive force subsequent to the time Sanford interfered with the officer's duty, success in her section 1983 claim will not invalidate her conviction. *Heck* is no bar.").

The core judicial inquiry, in an § 1983 excessive force claim, is not "whether a certain quantum of injury was sustained, but rather whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilikins v. Gaddy* 559 U.S. 34, 37 (2010) (citing *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (internal quotations marks omitted)). "When prison officials maliciously and sadistically use force to cause harm," the Supreme Court of the United States has recognized, "contemporary standards of decency always are violated…whether or not significant injury is evident. Otherwise, the Eight Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Hudson*, 503 U.S. at 9. The Supreme Court held that the test for whether force is reasonable or excessive is "whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Hooper v. Cty. of San Diego*, 629 F.3d 1127, 1133 (9th Cir. 2011) (citing *Graham v. Connor*, 490 U.S. 386, 397 (1989) (internal quotation marks omitted)). As such, a plaintiff's successful § 1983 claim that excessive was used during an arrest does not "necessarily imply" or demonstrate the invalidity of a plaintiff's conviction for resisting arrest when the chain of events constitute "one

continuous transaction." *See Hooper*, 629 F.3d at 1133 (quoting *Yount v. City of Sacramento*, 43 Cal.4th 885, 899 (2008)).

Here, the Defendants contend that, if Sevilla succeeds on his excessive force claim, the result of his successful § 1983 suit would conflict with the guilty findings which support Sevilla's loss of credits. (ECF No. 9-1 at 5.) The Court simply does not agree. In *Cunningham*, a case upon which the Defendants heavily rely, the Ninth Circuit instructs that "an important touchstone [in evaluating whether claims are barred by *Heck*] is whether a § 1983 plaintiff could prevail only by negating 'an element of the offense of which he has been convicted.'" *Cunningham*, 312 F.3d at 1154. It follows that, like in *Hooper*, a holding in [Sevilla's] § 1983 case that the Defendants used excessive force to subdue [Sevilla] would not "negate the lawfulness of the initial arrest attempt, or negate the unlawfulness of [Sevilla's] attempt to resist it." *See Hooper*, 629 F.3d at 1133 (quoting *Yount*, 43 Cal.4th at 899)). In so holding, this Court would not only be in agreement with Ninth Circuit but also other circuits' authority in similar cases. For example, in *VanGlider v. Baker*, 435 F.3d 689, 692 (7th Cir. 2006), the Seventh Circuit noted that a plaintiff alleging excessive force "does not collaterally attack his conviction [or] deny that he resisted…Rather, [plaintiff] claims that he suffered unnecessary injuries because [the] response to his resistance…was not…objectively reasonable." *See also Martinez v. City of Alburquerque*, 184 F.3d 1123, 1127 (10th Cir. 1999) ("The state court's finding that Martinez resisted a lawful arrest…may coexist with a finding that the police officers used excessive force to subdue him."). As such, the Court finds Sevilla's § 1983 excessive claim is not barred by *Heck*'s favorable termination doctrine.

In addition, Sevilla's complaint presents sufficient facts to support a plausible § 1983 excessive force claim. Specifically, Sevilla alleges that, after a verbal altercation with Defendant Maldonado, Maldonado pushed him to the ground with his right arm. (ECF No. 1 at 4.) Sevilla alleges that he kept both of his hands behind his back throughout the incident with Maldonado. *Id.* Sevilla then alleges that, as Maldonado turned him on his stomach, Maldonado attempted to slam Sevilla's head into the concrete floor with both of his hands. *Id.* These facts raise the question of whether the

Defendants' response to Sevilla's willful resistance was objectively reasonable or excessive force. Although Sevilla admitted to resisting and stated the force was "justified" at his disciplinary hearing, the Court finds that fact immaterial here as it goes to the weight of the evidence rather than the sufficiency of the Complaint. (*See* ECF No. 9-1 at 14.) The Court also notes that a genuine dispute may exist as to the provocative act which led to Maldonado's use of force and whether such provocation justified Defendant Maldonado's use of force. Accordingly, the Court finds that Sevilla's Complaint states a plausible claim for excessive force under 42 U.S.C. § 1983 against the Defendants.

For the reasons state above, the Court finds that Sevilla's claim is not barred by *Heck* and Sevilla's Complaint states a plausible § 1983 excessive force claim. Therefore, the Court **RECOMMENDS** that Defendants' Motion to Dismiss against claims for money damages and injunctions against Defendants Maldonado and Nelson be **DENIED**.

## V. CONCLUSION

After a thorough review of the record in this matter and based on the foregoing analysis, this Court **RECOMMENDS** that Defendant's Motion to Dismiss be **DENIED**.

This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Civil Local Rule 72.1(d).

**IT IS HEREBY ORDERED** that no later than **August 16, 2017**, any party may file and serve written objections with the Court and serve a copy on all parties. The documents should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed and served **no later than seven days** after being served with the objections. The parties are advised that failure to file objections within the specific time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: August 1, 2017

*[signature: Louisa Porter]*
LOUISA S PORTER
United States Magistrate Judge