# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO SEVILLA,<br><br>               Plaintiff,<br><br>v.<br><br>A. MALDONADO, *et al.*,<br><br>               Defendants. | Case No. 16-cv-02364-BAS-DHB<br><br>**ORDER:**<br>**(1) OVERRULING DEFENDANTS' OBJECTIONS TO THE R&R [ECF No. 14];**<br><br>**(2) ADOPTING THE R&R IN ITS ENTIRETY [ECF No. 13]; AND**<br><br>**(3) DENYING DEFENDANTS' MOTION TO DISMISS [ECF No. 9]** |

Plaintiff Julio Sevilla, incarcerated at the R.J. Donovan Correctional Facility, has filed a Complaint against prison officials Maldonado and Nelson alleging they used excessive force against him in violation of his Eight Amendment right to be free from cruel and unusual punishment. (ECF No. 1.) Defendants move to dismiss arguing that Sevilla's claims are barred under *Heck v. Humphrey,* 512 U.S. 477 (1994), because Sevilla was found guilty at a disciplinary hearing of resisting a peace

officer as a result of the incident described in the Complaint. (ECF No. 9.)

Magistrate Judge Louisa Porter issued a Report and Recommendation ("R&R") recommending that the Court deny the Motion to Dismiss pointing out that "a holding in [Sevilla's] §1983 case that the Defendants used excessive force to subdue [Sevilla] would not 'negate the unlawfulness of [Sevilla's] attempt to resist it.'" (ECF No. 13 at 11, quoting *Hooper v. Cnty. Of San Diego,* 629 F.3d 1127, 1133 (9th Cir. 2011).) Defendants now file Objections to this R&R. (ECF No. 14.)

I. **LEGAL STANDARD**

A. **Motion to Dismiss**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).

Courts may not usually consider material outside the complaint when ruling on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1555 n.19 (9th Cir. 1990), *superseded by statute on other grounds*. However, documents specifically identified in the complaint whose authenticity is not questioned by parties may also be considered. *Fecht v. Price Co.,* 70 F.3d 1078, 1080 n.1 (9th Cir. 1995), *superseded by statute on other grounds*.

B. **Objections to the R&R**

The Court reviews *de novo* those portions of a Magistrate Judge's Report and Recommendation ("R&R") to which objections are made. 28 U.S.C. §636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* "The statute [28 U.S.C. §636(b)(1)(c)] makes it clear," however, "that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made,* but

not otherwise." *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia,* 328 F.3d at 1121. Since neither party objects to the facts detailed in the R&R, this Court adopts and does not repeat the "Background" section detailing the allegations in the Complaint.

## II. ANALYSIS

Defendants argue that the Court should dismiss Plaintiff's Complaint pursuant to *Heck v. Humphrey*, 512 U.S. 477, 489 (1994). The Court disagrees.

Under *Heck*, a civil rights claim is disallowed if rendering a judgment for a plaintiff would necessarily imply that a previous conviction or sentence is invalid. 512 U.S. at 489. This rule has also been invoked for prison disciplinary hearings involving loss of good-time credits. *Edwards v. Balisok,* 520 U.S. 641, 648 (1997). However, when a civil rights claim does not necessarily implicate the underlying disciplinary action, it may proceed. *See Muhammad v. Close,* 540 U.S. 749, 754-55 (2004).

In *Cunningham v. Gates,* 312 F.3d 1148 (9th Cir. 2002), cited by Defendants in their Motion to Dismiss, the Ninth Circuit found that *Heck* barred a prisoner, convicted of felony murder and resisting arrest, from bringing his civil rights excessive force claim because his underlying conviction required proof of an "intentional provocative act" which was defined as "not in self defense." *Cunningham,* 312 F.3d at 1152. Essentially, a finding that the police used unreasonable force while effecting the plaintiff's arrest, the court held, would "call into question" the validity of factual disputes which had necessarily already been resolved in the criminal action against him. *Id.* at 1154.

However, in *Smith v. City of Hemet,* 394 F.3d 689 (9th Cir. 2005), the Ninth Circuit considered whether a prisoner's excessive force allegations were barred by *Heck* after pleading guilty to resisting arrest pursuant to Cal. Penal Code §148(a)(1).

The *Smith* court reasoned:

> A conviction based on conduct that occurred *before* the officers commence the process of arresting the defendant is not "necessarily" rendered invalid by the officers' subsequent use of excessive force. . . . Similarly, excessive force used *after* a defendant has been arrested may properly be the subject of a §1983 action notwithstanding the defendant's conviction on a charge of resisting an arrest that was itself lawfully conducted.

*Id.* at 696 (emphasis original). Accordingly, the *Smith* court found that "Smith's §1983 action is not barred . . . because the excessive force may have been employed against him subsequent to the time he engaged in the conduct that constituted the basis for his conviction." *Id.* at 693. Under the circumstances, the Ninth Circuit held that Smith's §1983 action "neither demonstrated nor necessarily implied the invalidity of his conviction." *Id.; see also Sanford v. Motts,* 258 F.3d 1117, 1120 (9th Cir. 2001) ("If [the officer] used excessive force subsequent to the time Sanford interfered with [the officer's] duty, success in her section 1983 claim will not invalidate her conviction. *Heck* is no bar.")

The core judicial inquiry in a §1983 excessive force claim is "'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Wilkins v. Gaddy,* 559 U.S. 34, 37 (2010) (quoting *Hudson v. McMillian,* 503 U.S. 1, 7 (1992)). "When prison officials maliciously and sadistically use force to cause harm," the U.S. Supreme Court has recognized, "contemporary standards of decency always are violated." *Hudson,* 503 U.S. at 9. "[T]he test for whether force is reasonable or excessive is 'whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.'" *Hooper v. Cty. of San Diego,* 629 F.3d 1127, 1133 (9th Cir. 2011) (quoting *Graham v. Connor,* 490 U.S. 386, 397 (1989).

In this case, a fact finder could find that Officers Maldonado and Nelson used excessive force *and* that Sevilla resisted a peace officer. One finding does not necessarily invalidate the other, as required for *Heck* to apply. Both the Complaint (ECF No. 1) and the report submitted by Defendants (ECF No. 9-1 at 9−10) detail a series of exchanges between inmate and officials including Sevilla's refusal to follow orders to step outside the office, exchanges of insults, Maldonado allegedly taking Sevilla down to his stomach and hitting Sevilla's head on the concrete floor. Similar to *Smith,* the finding that Sevilla resisted a peace officer could have been based on his conduct before the officers allegedly used excessive force.

Furthermore, although Sevilla was found to have resisted a peace officer, a fact finder could find that the force used to quell the resistance was applied, not in a good faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm. The fact that Sevilla admitted in his disciplinary proceeding that "I did resist. The force was justified," (*id.* at 14), although it may cause him some credibility problems at trial, is not dispositive. It is not clear from this statement which force at which point in time he was admitting was justified.

### III. CONCLUSION

For the reasons stated, the Court **OVERRULES** Defendants' Objections to the R&R (ECF No. 14), **ADOPTS IN ITS ENTIRETY** the R&R (ECF No. 13) and **DENIES** Defendants' Motion to Dismiss (ECF No. 9.)

**IT IS SO ORDERED.**

**DATED: September 29, 2017**

Hon. Cynthia Bashant
United States District Judge

– 5 –
16cv2364